IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SPRING MARINE DMCC, | * * * | CIVIL ACTION No.: 25-1904 SECTION ___ |
| Plaintiff, | * * | MAG. DIVISION ___ |
| - against – | * * | JUDGE _____ |
| GENERAL OIL CO., INC., | * * | MAGISTRATE JUDGE |
| Defendant. | * * | _____ |

**VERIFIED COMPLAINT FOR ISSUANCE OF WRITS OF**
**MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Spring Marine DMCC ("Spring Marine"), by and through its attorneys, Pusateri, Johnston, Guillot & Greenbaum, LLC and Lennon Murphy & Phillips, LLC, expressly subject to all rights to arbitration, brings this action pursuant to Federal Rule of Civil Procedure 9(h) and Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant General Oil Co., Inc. ("General Oil"), and as and for its Verified Original Complaint against Defendants, alleges upon information and belief as follows:

**JURISDICTION**

1. This is an admiralty and maritime claim within the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. It also arises under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because there is, or will be during the pendency of this action, property due and owing to the Defendant General Oil within this District and in the

1

hands of a non-party garnishee, namely Regions Bank and J.P. Morgan Chase Bank, N.A., which have offices and places of business within this District.

## THE PARTIES

3. Plaintiff Spring Marine DMCC ("Spring Marine") is a corporation organized and existing by virtue of the laws of a foreign country with an office and principal place of business located at Unit 3201, Platinum Tower, Plot No: JLT-PH1-I2, Jumeirah Lakes Towers, Dubai, United Arab Emirates. At all times material hereto, Spring Marine was the disponent owner of the M/T MAMBO (the "Vessel").

4. Defendant General Oil Company, Inc. ("General Oil") is a corporation organized and existing by virtue of the laws of Florida with an office and principal place of business located at 2637 East Atlantic Boulevard, Pompano Beach, Florida 33062. Upon information and belief, General Oil is engaged in business as a shipper of bulk liquid energy products, such as diesel oil. General Oil was the voyage charterer of the Vessel under a voyage charter party dated August 12, 2024.

5. General Oil cannot be found in this District within the meaning of Rule B. *See*, Affidavit of Elliott T. Williams at ¶¶ 6-7 ("Williams Aff.").

## RELEVANT FACTUAL BACKGROUND

6. On August 12, 2024, Spring Marine and General Oil entered into a voyage charter party (the "Charter Party") for the Vessel for the shipment of diesel oil from the Port of Beaumont to Haiti. As is the custom and practice in the maritime shipping industry, the Charter Party incorporated by reference the terms of the ExxonMobil VOY2005 charter party. A copy of the August 12, 2024 Charter Party is attached hereto as Exhibit 1.

2

7. Under the Charter Party, the Vessel was to be delivered and ready to load at the Port of Houston or the Port of Beaumont between August 18, 2024 and August 21, 2024. See, Charter Party, Exhibit 1, at p. 1, LAYDAYS.

8. At 06:18 local time, the Vessel arrived at the Port of Beaumont and promptly tendered its Notice of Readiness. A copy of the Notices of Readiness are attached hereto as Exhibit 2.

9. Despite the Vessel being anchored at the designated load port and fully ready to load, at 16:15 local time on August 20, 2024, General Oil wrongfully terminated the Charter Party. A copy of General Oil's email wrongfully cancelling the Charter Party is attached hereto as Exhibit 3.

10. On August 21, 2024 at 17:42 local time, the Vessel commenced sea passage en route to Corpus Christi, where it was fixed on a substitute charter.

11. That same day, Spring Marine informed General Oil that it would be seeking to recover the four and a half days of waiting time and the bunkers (marine fuel) consumed during that period.

12. General Oil refused to make payment to Spring Marine for the undisputed amounts due and owing to Spring Marine.

13. Accordingly, on September 13, 2024, Spring Marine demanded that General Oil arbitrate pursuant to Clause 35 of the Charter Party.

14. Instead of participating in the Arbitration, General Oil ignored Spring Marine's emails, leading to Spring Marine commencing proceedings in the United States District Court for the Southern District of New York to compel General Oil to arbitrate (the "S.D.N.Y. Action"). The

3

S.D.N.Y. Action was captioned *Spring Marine DMCC v. General Oil Co.*, Inc., S.D.N.Y. Case No. 24-cv-7744 (LGS).

15. On March 18, 2025, Judge Lorna G. Schofield issued a default judgment against General Oil compelling it to arbitrate with Spring Marine with regard to the claims pending in this action (the "Default Judgment"). A copy of the Default Judgment is attached hereto as Exhibit 4.

16. On September 11, 2025, the arbitration Panel delivered its Final Award dated September 8, 2025 (the "Final Award"). The arbitrational Panel unanimously found in Spring Marine's favor finding that General Oil breached its obligations under the Charter Party, and as the result of General Oil's breach, Spring Marine had been damaged in the principal amount $195,594.51. In addition to awarding Spring Marine the entirety of its principal claim, the arbitration Panel awarded Spring Marine pre-award interest, its attorneys' fees, and the arbitration Panel's fees. In total, the arbitration Panel awarded Spring Marine $251,077.84. Should the Final Award remain unsatisfied after October 12, 2025, the Final Award provides that interest shall accrue at a rate of 2% per month. A copy of the arbitration Panel's Final Award dated September 8, 2025 is attached hereto as Exhibit 5.

A. **Rule B Allegations**

17. After a diligent enquiry, an office for Defendant General Oil could not be located in the District. *See* Affidavit of Elliott Williams Pursuant to Rule B(1) and in Support of Order Appointing Person to Serve Process Pursuant to Fed. R. Civ. P. 4(C) & Directing Scope of Service dated September 15, 2025 ("Williams Affidavit") at ¶ 6.

18. After a diligent search, including Internet searches utilizing the Google search engine, and consulting the website maintained by the Louisiana Secretary of State, Defendant

4

General Oil does not appear to have an agent for the service of process in this District or anywhere else within Louisiana. *Id.* at ¶ 6(a).

19. According to the website maintained by the Louisiana Secretary of State, Defendant General Oil has not registered as a foreign corporation registered to do business in the State of Louisiana. *Id.* at ¶ 6(b).

20. After a diligent search, including Internet searches utilizing the Google search engine, Defendant General Oil does not appear to have a Louisiana state issued phone number or office address anywhere within Louisiana. *Id.* at ¶ 6(c).

21. Accordingly, Defendant General Oil cannot be "found" within the District for the purpose of an attachment pursuant to Rule B and Plaintiff seeks an Order of Attachment against such property, tangible or intangible, of Defendant General Oil as may be found within the District, up to and including $351,569.59.

B. **Defendant General Oil's Assets in the District**

22. Upon Information and belief, Defendant General Oil maintains bank accounts within this District at the banks identified below, which contains assets belonging to General Oil:

Regions Bank
400 Poydras St.
Suite 100
New Orleans, LA 70130

and

J.P. Morgan Chase Bank N.A.
201 St Charles Ave
New Orleans, LA, 70170

(the "Garnishee Banks"). *See Williams Affidavit at* ¶ 8.

23. Accordingly, Plaintiff respectfully seeks an order of attachment directed to the Garnishee Banks (and any other garnishee that Plaintiff may later identify) attaching all of Defendant General Oil's assets up to the amount sought herein.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF MARITIME CONTRACT

24. Spring Marine repeats and realleges paragraphs 1 through 23 as if the same were more fully set forth at length herein.

25. The Charter Party is a maritime contract as the primary services and/or "activities" contemplated under the contract pertain directly to maritime commerce, i.e., the charter of an ocean-going vessel in the Gulf of Mexico.

26. Pursuant to the Charter Party, General Oil was responsible for providing the Vessel with cargo.

27. General Oil breached the Charter Party by failing to provide the Vessel with cargo.

28. As a direct result of General Oil's breach of the Charter Party, Spring Marine has been damaged in the principal amount of $195,594.51, exclusive of interest, attorneys' fees and costs, and the arbitration Panel's arbitral fees.

29. Further, Spring Marine seeks security for amounts due to Spring Marine pursuant to the Final Award, including pre-award interest in the amount of $15,770.81, Spring Marine's attorneys' fees in the amount of $17,362.52, and the arbitration Panel's fees in the amount of $22,350.00.

30. In total, Spring Marine seeks security in the amount of $351,569.59 based on the full amount due under the Final Award, together with one and a half years of post-award interest at the rate of 2% per month compounded monthly, as provided for in the Final Award.

31. Defendant General Oil cannot be found in this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.

32. Upon information and belief, Defendant General Oil has property, consisting of, *inter alia*, assets and cash, in this District, including at the Garnishee Banks.

33. Plaintiff Spring Marine is accordingly entitled to attach Defendant General Oil's property within the District.

### **PRAYER FOR RELEIF**

34. Upon information and belief, Defendant General Oil has assets in the District, including at the Garnishee Banks.

35. Plaintiff Spring Marine seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Fed. R. Civ. P. ("Rule B") attaching any and all assets of Defendant up to the amount of $351,569.59 for the purpose of obtaining and maintaining security for Spring Marine's damages for General Oil's breach of the Charter Party.

**WHEREFORE**, Plaintiff Spring Marine prays:

That process in due form of law issue against Defendant General Oil citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

(A) That, since Defendant General Oil cannot be found within this District pursuant to Fed. R. Civ. P. Supplemental Rule B, this Court issue an Order directing the Clerk of the Court to issue Processes of Maritime Attachment and Garnishment pursuant to Supplemental Rule B attaching all property, tangible or intangible, in whatever form,

7

in the amount of $351,569.59 to secure Plaintiff, and that all persons claiming any interest in the same be cited to appear and, pursuant to Fed. R. Civ. P. Supplemental Rules B and E, answer the matters alleged in the Verified Complaint;

(B) That this Court retain jurisdiction over this matter through the entry of any final judgment following issuance of an award in arbitration; and

(C) That Plaintiff Spring Marine has such other, further and different relief as the Court may deem just and proper in law and equity.

>Respectfully submitted,
>
>/s/ Aaron B. Greenbaum
>Aaron B. Greenbaum (#31752)
>Meredith W. Blanque (#32346)
>Anna G. Carey (#40305)
>PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
>1100 Poydras Street, Suite 2250
>New Orleans, LA 70163
>Telephone: (504) 620-2500
>Facsimile: (504) 620-2510
>Aaron.Greenbaum@pjgglaw.com
>Meredith.blanque@pjgglaw.com
>Anna.Carey@pjgglaw.com
>
>and
>
>Patrick F. Lennon (pro hac vice forthcoming)
>Kevin J. Lennon (pro hac vice forthcoming)
>Elliott T. Williams (pro hac vice forthcoming)
>LENNON, MURPHY & PHILLIPS, LLC
>1599 Post Road E.
>Westport, CT 06880
>Telephone: (203) 256-8600
>Facsimile: (203) 256-8615
>pfl@lmplaw.net
>kjl@lmplaw.net
>Elliott.williams@lmplaw.net

## VERIFICATION

I, Georgios Chondronikolas, a duly authorized representative of Plaintiff Spring Marine DMCC, have read the foregoing complaint and, under penalty of perjury, verify the same to be true to the best of my knowledge and belief and following a review of the documents and correspondence related to this matter, except for (i) those matters alleged to be upon information and belief, and those matters I believe to be true based on the foregoing documents and correspondence; and (ii) those allegations supported by the accompanying affidavit of Plaintiff's counsel.

Dated: _____
September 15, 2025

_____

Name: Georgios Chondronikolas

Title: **Manager**